2025 IL App (1st) 250588-U

No. 1-25-0588B

Order filed June 27, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 CR 1120 |
| | ) | |
| KEYSHON BROWN, | ) | Honorable |
| | ) | Jennifer F. Coleman, |
| Defendant-Appellant. | ) | Judges presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Justices Oden Johnson and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's order denying defendant's pretrial release.

¶ 2    Defendant Keyshon Brown appeals from the circuit court's order denying his pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq*. (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, Brown contends that the State failed to show by clear and convincing evidence that: (1) the proof was evident, or the presumption great, that he

committed a qualifying offense, (2) he posed a real and present threat to the safety of any person or the community, and (3) no condition or combination of conditions could mitigate his threat to the community. For the following reasons, we affirm.

¶ 3                                                    I. BACKGROUND

¶ 4      Brown was arrested on December 24, 2024, in connection with a traffic stop. He was charged with: (1) unlawful use or possession of a weapon by a felon, in that he knowingly possessed a firearm after having been previously convicted of the felony offense of aggravated unlawful use of a firearm in 2022 (720 ILCS 5/24-1.1(a) (West 2022)); (2) aggravated unlawful use of a weapon in that he had a loaded gun in a vehicle (720 ILCS 5/24-1.6(a)(1) (West 2022)); (3) possession of a firearm without having a currently valid Firearm Owner's Identification (FOID) card (720 ILCS 5/24-1.6(a)(1) (West 2022)); (4) unlawful use of a weapon in that he had been previously adjudicated a delinquent minor (720 ILCS 5/24-1.6(a)(1) (West 2022)); and (5) defacing identification marks of a firearm (720 ICLS 5/24-5(b) (West 2022)).

¶ 5      The State filed a petition for pretrial detention, and a hearing was held on December 25, 2024. At the hearing, the State proffered the following evidence. On the night in question, police officers observed a vehicle failing to stop at a stop sign. The officers initiated a traffic stop, and as they approached the vehicle, they saw Brown "holding a rifle in his lap and placing that rifle *** on the floorboard of the vehicle." The vehicle then fled but stalled a block away. Brown fled on foot. After a brief foot chase, Brown was placed into custody. A search of the vehicle yielded a loaded 5.56-caliber rifle from the passenger's side floorboard, and a Glock 23 with an extended magazine with a switch "making the firearm fully automatic."

¶ 6      The State noted that Brown had 2022 convictions for criminal damage to property and aggravated unlawful use of a weapon, for which he was given three years in the Illinois Department

of Corrections (IDOC). Brown also had a 2020 juvenile adjudication for aggravated unlawful use of a weapon.

¶ 7    Defense counsel argued that there was no proof of violence in Brown's background, that he did not pose a threat to a specific person or the community, and that there were several options available that the judge could impose besides detention, such as electronic monitoring or a curfew.

¶ 8    The court noted that unlawful use of a weapon by a felon is a detention-eligible offense. It then stated that the State proved by clear convincing evidence that the proof was evident or the presumption was great that Brown committed the charged offense, based on the evidence the State proffered during the detention hearing. The court also found that the State met its burden of showing by clear and convincing evidence that Brown was a clear and present danger to any person, persons, or the community. The court stated that the firearm recovered was within arms' reach of Brown while the officers conducted a traffic stop, placing the officers in "significant danger." The court noted that Brown "shows a willingness and ability to obtain dangerous firearms and have them in his possession." It found that the State met its burden to show Brown's dangerousness to the community.

¶ 9    Finally, the court found that there was not any less restrictive conditions or combination of conditions that could mitigate the danger that Brown represents to the community, other than pretrial detention. This finding was based on Brown's "continual pattern of being able to obtain unlawful dangerous firearms" and that three years in IDOC did not deter him from again obtaining a firearm. The State's petition to detain Brown prior to trial was granted.

¶ 10    On February 28, 2025, Brown filed a motion for relief from the order of detention, pursuant to Supreme Court Rule 604(h) (eff. Apr. 15, 2024). He argued that he did not pose a real or present threat to the safety of any person or the community because there were no crimes of violence in

his background. He also argued that the facts presented did not demonstrate that the proof was evident or the presumption great that he committed the offense. And finally, Brown argued that he could be put on electronic monitoring with a GPS band, and that essential movement could be restricted or eliminated.

¶ 11    On March 6, 2025, a hearing was held on Brown's motion for relief. Defense counsel argued that it would have been very difficult for the officers to have seen a weapon on Brown's lap since it was dark out and the windows of the vehicle were tinted. Defense counsel also noted that Brown had been attacked in jail and had a broken wrist. Brown believed he was "continually in danger while being in jail." Defense counsel stated that if he were to be released, Brown would live with his aunt. Defense counsel argued that there were multiple conditions or combinations of conditions that the court could impose to mitigate concerns about his release.

¶ 12    The State responded that Brown had two felony convictions – both in 2022 – one for criminal damage to property and one for unlawful use of a weapon, and a 2020 adjudication as a juvenile for aggravated unlawful use of a weapon. The State noted that Brown was out on bond for his aggravated unlawful use of a weapon charge when he picked up the criminal damage to property charge several months later. The State claimed that Brown had been placed on electronic monitoring at that time, but when he was unable to be located at his residence, he was declared a fugitive. Four days later, Brown was apprehended in Skokie, Illinois, not at his electronic monitoring address. Defense counsel responded that Brown had been in Skokie for a court date.

¶ 13    The court found that the proof was evident and the presumption was great that Brown committed an eligible offense, and that because of the nature of the offense, he posed a real and present threat to the community. The court also found that because Brown had violated the terms

of his pretrial release in the past, there were no conditions or combination of conditions that could mitigate the concerns of his release. Brown now appeals.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Brown rests on the arguments he made in his motion for relief before the circuit court. There, he argued that the State failed to show by clear and convincing evidence that the proof was evident or the presumption great that: (1) he committed a detainable offense; (2) he posed a real and present threat to the safety of any person or persons or the community; and (3) no condition or combination of conditions could mitigate the real and present threat posed by him. The State did not file a response memorandum on appeal.

¶ 16    Pretrial release is governed by article 110 of the Code, as recently amended by Public Act 101-652 (eff. Jan. 1, 2023). Under article 110 of the Code, a defendant's pretrial release may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022).

¶ 17    If the State files a petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption is great that a defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of another person or the community, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *People v. Vingara*, 2023 IL App (5th) 230968, ¶ 7; 725 ILCS 5/110-6.1(e) (West 2022). The clear-and-convincing standard "requires proof greater than a preponderance, but not quite approaching the criminal standard of beyond a reasonable doubt." *In re D.T.*, 212 Ill. 2d 347, 362 (2004).

¶ 18    The statute provides a non-exclusive list of factors "to be considered in making a determination of dangerousness" that the trial court may consider in assessing whether the

defendant poses a threat. 725 ILCS 5/110-6.1(g) (West 2022). These include the nature and circumstances of any offense charged, and the defendant's history and characteristics. *Id*. Because there was no live witness testimony, and the evidence presented below was solely documentary in nature, we review the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶¶ 21, 54.

¶ 19                                    A. Detainable Offense

¶ 20    Brown first argues that the State failed to prove that the proof is evident or the presumption great that he committed a detainable offense. Brown was charged with unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), a detainable offense under section 110-6.1(a)(1) of the Code. 725 ILCS 5/110-6.1(a)(1) (West 2022). Brown does not dispute that he was charged with a detainable offense but rather argues that the State failed to meet its burden where it was dark outside, and the windows on the vehicle were tinted.

¶ 21    The governing statute states, "[i]t is unlawful for a person to knowingly possess on or about his person *** any firearm *** if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2022). The quantum of evidence required to detain a defendant pretrial is less than that required at trial to prove guilty beyond a reasonable doubt. See 725 ILCS 5/110-6.1(f)(2), (f)(4)-(6) (West 2022).

¶ 22    The evidence proffered by the State was that on the night in question, police officers observed a rifle in Brown's lap as they approached the vehicle during a traffic stop and saw him put it on the floor of the vehicle.  After Brown was apprehended, a rifle was recovered on the floor of the passenger side of the vehicle. Given the record before us, we find that the State's proffered evidence at the hearings established, by clear and convincing evidence, that the proof is evident or the presumption is great that Brown committed the charged, detainable offense.

¶ 23                                    B. Real and Present Threat

¶ 24    Brown next argues that the State failed to prove that he poses a real and present threat to the safety of any person or persons or the community. Section 110-6.1(g) of the Code provides factors that can be considered when determining a defendant's dangerousness. One such factor is the nature and circumstances of the offense charged, including whether the offense involved a weapon. 725 ILCS 5/110-6.1(g)(1) (West 2022). Here, Brown allegedly had a loaded, 5.56-caliber automatic rifle in his lap, late at night, while officers approached the vehicle, during a routine traffic stop. This was not a case where a handgun was in the trunk of the car, inaccessible to the occupants. Brown had the weapon in his lap despite having previously been convicted of aggravated unlawful use of a weapon and being barred from possessing a firearm. The State demonstrated by clear and convincing evidence that Brown poses a threat to any person or the community based on the specific facts of this case.

¶ 25                    C. Whether Pretrial Conditions Can Mitigate the Threat

¶ 26    Brown's final argument is that the State failed to prove by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat posed by him. However, Brown had previously been enrolled in the electronic monitoring program and violated those terms. He also had been out on bond for the aggravated unlawful use of a weapon charge when he was arrested for criminal damage to property. Moreover, Brown spent three years in the IDOC, which did not deter him from again obtaining a weapon illegally. Brown has shown an unwillingness or inability to abide by the orders of the court. Accordingly, the State met its burden of proof by clear and convincing evidence that less restrictive means other than detention would not mitigate the threat that Brown poses to the community. The court did not err in granting the State's motion to detain Brown pretrial.

¶ 27                    III. CONCLUSION

¶ 28     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29     Affirmed.